IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Jamie Madonna Watkins, | ) | C/A No. 0:11-1673-RBH-PJG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Katherine Kendall, *Warden Leath Correctional*, | ) | |
| Respondent. | ) | |

The petitioner, Jamie Madonna Watkins ("Watkins"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 9.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the respondent's motion. (ECF No. 12.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Watkins failed to respond to the motion. As Watkins is proceeding *pro se*, the court filed a second order giving Watkins an additional fourteen days in which to file her response to the respondent's motion for summary judgment. (ECF No. 16.) Watkins filed a one-paragraph response to the court's Order, stating only that she did not wish for her case to be dismissed. (ECF No. 18.) Having carefully considered the parties' submissions and the record in this case, the court finds that Watkins's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

*PJG*

## BACKGROUND

Watkins was indicted in January 2004 in Lexington County for murder (04-GS-32-588), first degree burglary (04-GS-32-590), and criminal conspiracy (04-GS-32-589). (App. at 115-20, ECF No. 10-1 at 117-22.) Watkins was represented by Michael B. Ellisor, Esquire, and on August 28, 2006 pled guilty to voluntary manslaughter, first degree burglary, and criminal conspiracy. (App. at 38-39, ECF No. 10-1 at 40-41.) The circuit court sentenced Watkins to twenty-eight years' imprisonment for voluntary manslaughter, twenty-eight years' imprisonment for first degree burglary, and five years' imprisonment for criminal conspiracy, all sentences to be served concurrently. (App. at 56, ECF No. 10-1 at 58.) Watkins did not file a direct appeal.

Watkins filed a *pro se* application for post-conviction relief ("PCR") on November 27, 2006. (Watkins v. State of South Carolina, 06-CP-32-4170, App. at 59-65, ECF No. 10-1 at 61-67.) The State filed a return. (App. at 66-69, ECF No. 10-1 at 68-71.) On November 17, 2008, the PCR court held an evidentiary hearing at which Watkins appeared and testified and was represented by Robert Cook, Esquire. (App. at 70-103, ECF No. 10-1 at 72-105.) By order filed December 17, 2008, the PCR judge denied and dismissed Watkins's PCR application with prejudice. (App. at 105-13, ECF No. 10-1 at 107-15.)

In her PCR appeal, Watkins was represented by Wanda H. Carter, Esquire, Deputy Chief Appellate Defender for the South Carolina Office on Indigent Defense, who filed a petition for a writ of certiorari on Watkins's behalf on September 8, 2009. (ECF No. 10-3.) The State filed a return. (ECF No. 10-4.) In a letter order dated August 5, 2010, the South Carolina Supreme Court denied Watkins's petition for a writ of certiorari. (ECF No. 10-5.) The remittitur was issued August 24,

PJG

2010.  (ECF No. 10-6.)  Watkins filed the instant Petition for a writ of habeas corpus on July 7, 2011.[1]  (ECF No. 1.)

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

---

[1] There is no stamp from the prison mailroom on the envelope containing the Petition. However, based on the return address and the postmark zip code, it appears that this Petition was mailed from the prison.  Therefore, this date reflects the date that the envelope was postmarked, which corresponds with the date that Watkins's signature was notarized.  See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

PJG

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that Watkins's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Watkins's conviction became final ten days after August 28, 2006, the date of her plea and sentencing, as this was the last date on which she could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.") Thus, her conviction became final on September 7, 2006. Accordingly, the limitations period began to run on September 8, 2006 and expired on September 7, 2007, unless the period was at any time tolled for any properly filed state PCR application or other

*PJG*

collateral review.  28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Watkins filed a state PCR application on November 27, 2006.  At that point, 81 days of non-tolled time had accrued since the period of limitations began to run.  The period of limitations was tolled during the pendency of Watkins's PCR action until August 24, 2010, when the South Carolina Supreme Court issued the remittitur from its order denying Watkins's certiorari petition.  At this time, Watkins had 284 days of statutory time remaining, which means that Watkins had until June 4, 2011[2] to file a timely federal habeas corpus petition.  Watkins's federal Petition was filed on July 7, 2011—over a month after the expiration of the statute of limitations.

As stated above, despite repeated instructions from the court regarding the importance of responding to the arguments raised in the respondent's motion for summary judgment, Watkins's response consisted of a one-paragraph statement requesting that the court not dismiss her case.  Although she indicates in her Petition that she believes that she has filed it within "the time limits," Watkins fails to refute the respondent's evidence regarding the untimeliness of her Petition.

---

[2] June 4, 2011 was a Saturday; therefore, Watkins had until the following Monday, June 6, 2011 to file her federal habeas petition.  See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

PJG

**RECOMMENDATION**

Based upon the foregoing, the court finds that Watkins's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 9) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 27, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).