IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jamie Madonna Watkins, ) | Civil Action No.: 0:11-cv-01673-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Katherine Kendall, Warden Leath ) | |
| Correctional, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing her Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent filed her return, along with a motion for summary judgment. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate recommends that the Court grant Respondent's motion and dismiss Petitioner's petition as untimely.

**Factual Background and Procedural History**

Petitioner was indicted in January 2004 in Lexington County on charges of murder, first-degree burglary, and criminal conspiracy. She was represented by Michael Ray Ellisor and pleaded guilty, on August 28, 2006, to first-degree burglary, voluntary manslaughter, and criminal conspiracy. The circuit court sentenced her to twenty-eight years' imprisonment for first-degree burglary, twenty-eight years' imprisonment for voluntary manslaughter, and five years' imprisonment for criminal conspiracy. The circuit court ordered that all sentences run concurrently. Petitioner did not file a direct appeal within the ten-day period provided by South Carolina law.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate for pretrial handling.

Petitioner filed an application for post-conviction relief ("PCR") on November 27, 2006, alleging her attorney did not inform her of her right to a direct appeal. She claimed actual innocence and explained her guilty plea resulted from advice that she would spend the rest of her life in prison if she proceeded to trial. She also claimed her attorney did not properly evaluate her mental competence. The relief she requested, however, was a reduction of her sentence. After an evidentiary hearing, the PCR court dismissed her application *with prejudice* on December 17, 2008. The PCR court found Petitioner failed to meet her burden of proving that she was promised a shorter sentence, that she did not understand the consequences of her plea, and that she was not mentally competent to plead guilty. The South Carolina Supreme Court denied certiorari on August 5, 2010, and remittitur was issued on August 24, 2010.

On July 7, 2011, Petitioner filed a Petition Under 28 U.S. § 2254 for Writ of Habeas Corpus, seeking "[a] re-evaluation of [her] sentence and an overturning of [her] guilty plea." She alleged ineffective assistance of counsel "on all levels of the proceedings." She claimed her attorneys "failed to produce . . . a viable strategy or defense" and never evaluated her competency to plead guilty. Finally, she noted her petition is not barred by the one-year statute of limitation "if time is tolled." [Pet., Doc. # 1, at 5-13.]

Respondent filed her return and a motion for summary judgment on September 16, 2011. [Docs. # 9 & 10.] She contended that Petitioner's petition is barred by the statute of limitations and, alternatively, that the petition is without merit. Petitioner, in a one-paragraph response to the motion for summary judgment, expressed only her desire that the case not be dismissed. [Doc. # 18.] Subsequently, the Magistrate issued an R&R, recommending that the Court grant Respondent's

2

motion and dismiss Petitioner's petition as untimely. [R&R, Doc. # 21, at 9.] Petitioner filed timely objections to the R&R. [Pet'r's Obj., Doc. # 23]

**Standard of Review**

The Magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

The Magistrate recommends that the Court grant Respondent's motion for summary judgment and dismiss the petition as untimely. Except for an admission that she was "unaware of the deadlines designated to file petitions," Petitioner does not address the Magistrate's conclusion that Petitioner's petition is barred by the statute of limitations. Her objection is largely a dispute of the facts

3

supporting her plea and more detailed claims of ineffective assistance of counsel. As noted above, Petitioner's failure to object properly to the Magistrate's recommendation frees the Court of the duty to give an explanation for its adoption of the Magistrate's R&R. *Camby*, 718 F.2d at 199. Out of an abundance of caution, however, the Court reviews the Magistrate's recommendation for clear error.

Ignorance of the law is not an extraordinary circumstance and does not excuse a *pro se* litigant from compliance with the statute of limitations. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Petitioners in state custody "pursuant to the judgment of a [s]tate court" must comply with a one-year statute of limitations in seeking a writ habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period begins to "run from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by [s]tate action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such [s]tate action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* However, the limitation period is tolled during the pendency of properly filed state PCR proceedings "with respect to the pertinent judgment or claim." *Id.* at § 224(d)(2); *see also Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (holding that state PCR proceedings toll the limitation period "from initial filing [until] final disposition by the highest state court"). In support of her conclusion, the Magistrate notes eighty-one days passed from the expiration of Petitioner's period to file a direct

appeal to when Petitioner filed her PCR application, which tolled the statute of limitations. After the South Carolina Supreme Court issued remittitur, Petitioner had until June 6, 2011, the Monday after the expiration of 284 days, to file her § 2254 petition. Petitioner, however, waited until the following month to do so. Nowhere in her petition is there any evidence of an event or impediment that would further toll or delay the statute of limitations. The Court, therefore, finds no clear error in the Magistrate's recommendation.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the petition, the motion for summary judgment, the Magistrate's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate's R&R.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment is

5

**GRANTED**; and, therefore, that the § 2254 Petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

April 27, 2012
Florence, SC